■ In the Matter of JOHN W. SOERGEL et al., as Taxpayers of Union Free School District No. 6, Town of Dewitt, Appellants, and JACK MACKEN et al., as Taxpayers and Members of the Board of Trustees of Union Free School District No. 6, Town of Dewitt, et al., Intervening Petitioners-Appellants, against JAMES E. ALLEN, as Commissioner of Education of the State of New York, Respondent.— Petitioners appeal from an order dismissing an article 78 proceeding brought to review the determination of the Commissioner of Education which laid out and designated a central school district. The authority of the Commissioner is challenged generally and in particular that a special statute pertaining to School District No. 6 prohibits its inclusion in the proposal. The Commissioner's authority for acts of centralization is contained in article 37 of the Education Law, which includes section 1801, and

which provides in part as follows: "§ 1801. Formation and changes of central school district. 1. The commissioner of education is hereby authorized and empowered to lay out central school districts for the establishment of central schools * * * and to fix, determine and define the boundaries of said districts as hereinafter provided. 2. * * * The commissioner in laying out such central school districts and in fixing and defining the boundaries thereof shall include only territory of suitable size conveniently located for the attendance of pupils and having a sufficient number of pupils for the establishment of a central school." Such facts as a close vote on consolidation, increase in school taxes, inconvenience to pupils and other complaints from individuals, groups and school districts opposed to change have been before this court on many occasions. We have no control over the decision of the Commissioner as long as he carries out the laws as enacted by the Legislature. (*Matter of Board of Educ.* v. *Allen,* 6 A D 2d 316, affd. 6 N Y 2d 871.) Here, the Commissioner, acting within the framework of the law and within the authority vested in him, properly laid out the proposed central school district and the lower court correctly determined his acts were not arbitrary or capricious. School District No. 6 raises the further argument that a special statute forecloses the Commissioner from including it under the plan of consolidation. In the Laws of 1926 by chapter 518 (§ 2) and chapter 626, a substantial part of this school district, was annexed to the Syracuse City School District and after including provisions as to the payment of bonds, it provided: "The remainder of union free school district number six * * * not annexed to the city of Syracuse, shall remain separate and distinct school districts as now constituted *until changed according to law.* The board of education of the city of Syracuse shall upon request grant permission to children residing in the part of such school districts not annexed, to attend schools under the care and control of the board without the payment of any tuition therefor." (Emphasis supplied.) The petitioners contend that the phrase "until changed according to law" means that the school district remains as a separate entity until changed by an act of the Legislature. The Commissioner concludes such acts have no such special meaning and do not govern or interfere with his right to centralize the district. The laws in 1926 relating to formation of central rural high schools were amended in 1944 to provide for central school districts such as here involved. It seems evident that the Commissioner's decision is not changing the law — he has no such right — but is forming a new central school district, a right given to him by section 1801 of the Education Law. His act does not interfere with payment of the bonded indebtedness or with the children to attend the City of Syracuse schools tuition free. To hold that the Education Law as to centralization is inapplicable to District No. 6 — under the circumstances herein — would be a narrow and unwarranted interpretation and implementation to the Laws of 1926 beyond its intended purpose. If need be, it could be further argued that the phrase "until changed according to law" was in fact changed by the 1944 amendment to the Education Law which gave to the Commissioner the right to organize central school districts such as here involved. Order unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.